IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES ASHFORD,
ADC #133975                                                                                  PLAINTIFF

v.                                      5:17CV00159-KGB-JTK

BURL, et al.                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff, a state inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and has filed a Motion for Leave to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Although Plaintiff has submitted a declaration that makes the showing required by § 1915(a), his Motion will be denied.

### II. Screening

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court's records demonstrate that Plaintiff previously filed at least four § 1983 actions that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Ashford v. Davis, 5:07-cv-00255-SWW; Ashford v. Whaley, 5:09-cv-00086-JLH; Ashford v. Rucker, 5:09-cv-00202-SWW; and Ashford v. Washington, 5:09-cv-00224-JLH.   Thus, Plaintiff accumulated three strikes, as defined by § 1915(g), prior to commencing the present action.

The Court also finds that Plaintiff's present allegation – that Defendants beat him several months ago and recently told him everyone is a threat to him -- does not comply with the "imminent danger" exception to the three-strikes rule.   This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed.   Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).   In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)   Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Motion to Proceed in forma pauperis (Doc. No. 1) be DENIED.

2.      Should Plaintiff wish to continue prosecuting this case, he be required to submit the statutory filing fee of $350 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, along with a motion to reopen the case.   Upon receipt of the motion and full payment, the case will be reopened.

3       This case be DISMISSED without prejudice.

3

IT IS SO ORDERED this 27th day of June, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE